**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MARK D. SMITH, # K-97797,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18-cv-1023-SMY** |
| | ) | |
| **JESSICA D. STOVER,** | ) | |
| **C. THOMAS HOLT,** | ) | |
| **JOHN BALDWIN,** | ) | |
| **and DANIEL Q. SULLIVAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mark D. Smith, currently incarcerated at Big Muddy River Correctional Center ("BMRCC"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is confined as a result of a civil commitment proceeding which determined that he is a sexually dangerous person ("SDP").[1] He claims that Defendants have failed to provide him with mandated treatment that might lead to his eventual release. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] Persons civilly committed under the Sexually Dangerous Persons Act (725 ILL. COMP. STAT. 205/0.01 *et seq.*) in Illinois are subject to the Prison Litigation reform Act ("PLRA") (28 U.S.C. § 1915 *et seq*). *Kalinowski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004). Therefore, the Complaint shall be screened pursuant to 28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a Complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claims survive threshold review under § 1915A.

## **The Complaint**

The Defendants in this action are Jessica Stover, who has been Plaintiff's assigned

primary therapist at BMRCC for several years; Thomas Holt, who oversees the SDP program at BMRCC; John Baldwin, Director of the Illinois Department of Corrections ("IDOC") and Plaintiff's "legal guardian" as an SDP; and Daniel Sullivan, the BMRCC Warden. (Doc. 1, pp. 1-3). Plaintiff sues each of these parties in his/her official capacity only, and seeks declaratory and injunctive relief. (Doc. 1, p. 10).

Plaintiff sets forth 4 claims which are identical to the first 4 Counts in another pending case before this Court, *Howe, et al., v. Holt, et al.*, Case No. 14-cv-844-SMY-RJD (*See* Docs. 10, 26 in that case). Plaintiff claims that Defendants (he refers to them collectively) have failed to provide him with adequate treatment as a civilly committed SDP. (Doc. 1, p. 6). He asserts that instead of providing him with a therapeutic atmosphere, his conditions of confinement exacerbate his mental illness.

Specifically, Plaintiff alleges that Defendants have provided him with less than 1 hour per week of treatment, and over 4-1/2 years, have provided fewer than 40 hours of treatment in total, and have never provided him with treatment designed to effect his recovery. *Id.* At times, many consecutive months have passed without Plaintiff receiving any treatment at all, during which he was being punished for "incidents directly related to his mental illness." *Id.* Rather than provide Plaintiff with necessary treatment, Defendants have punished him with segregation. He has spent approximately 30 out of 54 months in segregation, during which he got no treatment at all. *Id.*

Plaintiff further alleges that Defendants have failed to adequately train or supervise employees regarding the proper care and treatment of SDPs with a mental disorder. (Doc. 1, p. 8). He particularly complains about Defendants' refusal to reassign him to a therapist other than Stover, despite his complaints that this has placed him in a "high risk situation." (Doc. 1, p. 8).

Plaintiff alleges that under the rules of the SDP program, it is improper for him to have unsupervised contact with Stover, after he was accused in 2015 of exposing himself in her presence and other sexual misconduct. (Doc. 1, pp. 8, 13-14). The counselor's response on an attached grievance over this matter states that Plaintiff's assignment to Stover does not violate the SDP rule prohibiting contact with a "victim." (Doc. 1, p. 13). Finally, Plaintiff claims that his placement in a "severely punitive environment" where he is treated as a convicted felon, denied mental health treatment, and subjected to mental, verbal, and physical abuse, violates his Fourteenth Amendment liberty interest. (Doc. 1, p. 9).

As part of his request for injunctive relief, Plaintiff specifically asks the Court to issue an order preventing Defendants from placing him under the care of Stover. (Doc. 1, p. 10).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

**Count 1:** Defendants have violated Plaintiff's right to receive treatment as a civilly committed sexually dangerous person (SDP);

**Count 2:** Defendants have violated Plaintiff's right to receive treatment for his mental illnesses and disorders under the Eighth and Fourteenth Amendments;

**Count 3:** Defendants violated Plaintiff's rights under the Eighth and Fourteenth Amendments by failing to adequately train or supervise employees regarding the proper care and treatment for a SDP who is civilly committed due to mental disorder;

**Count 4:** Defendants have violated Plaintiff's liberty interests under the

4

Fourteenth Amendment by subjecting him to a severely punitive environment.

Each of these counts shall receive further consideration.

## Count 1 – Right to Treatment as an SDP

As a civilly committed person under the Sexually Dangerous Persons Act ("SDPA"), 725 Ill. Comp. Stat. 205/0.01, *et seq.*, Plaintiff is not an ordinary prisoner serving a defined sentence. Rather, the duration of an SDP prisoner's confinement depends on his successful completion of treatment. As the Seventh Circuit explained in *Allison v. Snyder*, 332 F.3d 1076, 1078 (7th Cir. 2003), "[p]ersons charged with sex offenses in Illinois may be diverted before trial to civil confinement, if a mental illness of at least one year's duration led to the criminal conduct. Those who complete treatment successfully are released and the criminal charges dismissed." *Id.* In other words, without treatment, there is no prospect of release.

This Court has previously recognized a civil rights claim for failure to treat SDPs. *See Howe v. Godinez*, Case No. 14-cv-844-SMY, 2014 WL 4947245 at *3-4 (S.D. Ill. 2014). The undersigned Judge reasoned that "due process requires that the conditions and duration of confinement . . . bear some reasonable relation to the purpose for which persons are committed." *Id.* (citing *Seling v. Young*, 531 U.S. 250, 265 (2001)); *see also Allison*, 332 F.3d at 1079. Here, Plaintiff alleges that he has received fewer than 40 hours of treatment over a span of 4-1/2 years, and has endured long stretches of confinement during which he was given no treatment at all. Based on these allegations, Count 1 survives review under § 1915A, and shall proceed against Defendants Stover, Holt, Baldwin, and Sullivan in their official capacities.

## Count 2 – Denial of Mental Health Treatment

Although Plaintiff does not elaborate on the nature of his mental illness, by definition, any person committed as an SDP has suffered for at least a year from some mental illness which

led to his criminal conduct. Plaintiff claims that he has been provided with no treatment at all that would address his individual mental health needs, and that instead of providing him with treatment, Defendants have punished him with segregation.

Individuals who are civilly committed under the SDPA are considered pretrial detainees. *See Allison*, 332 F.3d at 1078-79. A pretrial detainee's claim for deliberate indifference to a medical condition is considered under the Due Process Clause of the Fourteenth Amendment. *See Kingsley v. Hendrickson*, __U.S.__, 135 S. Ct. 2466, 2472 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). Detainees are entitled to at least the same protection against deliberate indifference as convicted inmates have under the Eighth Amendment, and the Seventh Circuit has historically applied the same standards to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners). *See Smith v. Dart*, 803 F.3d 304, 309-10 (7th Cir. 2015); *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008); *Board v. Farnham*, 394 F.3d 469, 477-78 (7th Cir. 2005); *Ayoubi v. Dart*, No. 17-1662, 2018 WL 1445986, at *3 (7th Cir. March 23, 2018) (unpublished) (Fourteenth Amendment and Eighth Amendment standards "are virtually indistinguishable"). A prisoner's right to receive medical care includes the right to mental health treatment. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 676 (7th Cir. 2012); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) ("[T]he need for a mental illness to be treated could certainly be considered a serious medical need.").

To state a claim for deliberate indifference to medical needs, a detainee must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-

65 (7th Cir. 2002). Here, because Plaintiff has been committed as an SDP, Defendants obviously would be aware of his mental illness/disorder. Further, Plaintiff's claim that he has received no treatment for his mental health condition supports a viable claim for deliberate indifference at this stage. Accordingly, Plaintiff may proceed with **Count 2** against Defendants Stover, Holt, Baldwin, and Sullivan in their official capacities.

**Count 3 – Failure to Train or Supervise**

Plaintiff alleges that Defendants failed to train or supervise other unidentified prison employees regarding the proper care and treatment of an SDP who is civilly committed due to a mental disorder, and as a result, his constitutional rights have been violated. In particular, he alleges that he has been subjected to long periods of segregation for behavior related to his mental illness. He also objects to his continuing assignment to Defendant Stover as his counselor/social worker. (Doc. 1, p. 8).

A failure to supervise can give rise to liability under § 1983, "if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Further, a failure to train may give rise to liability where the inadequacy of the training amounts to deliberate indifference to the rights of persons who come into contact with the inadequately trained personnel. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (discussing this claim in the context of municipal liability).

Plaintiff's Complaint does not detail what role Defendants played in supervising or training other prison officials regarding the treatment of SDPs. However, the claim that Plaintiff has often been subjected to punishment because of his mental condition, and has been denied

treatment, is sufficient at this stage to suggest that one or more Defendants may have violated constitutional standards by failing to adequately train and/or supervise Big Muddy staff. Accordingly, **Count 3** may proceed against the supervisory defendants, Holt, Baldwin, and Sullivan in their official capacities. However, Stover will be dismissed from Count 3 without prejudice at this time, as there is no indication that she has supervisory authority over other staff.

### Count 4 – Punitive Conditions

As a general rule, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717-18 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991).

Plaintiff alleges that he has been subjected to punishment with segregation for approximately 30 months out of a 54-month period; that he has been treated no differently from the convicted felons who are also imprisoned at BMRCC; that he has faced mental and verbal abuse at the hands of general population inmates, with whom he is confined; and that prison staff members have abused him, both verbally and physically. These allegations indicate that Plaintiff has been subjected to punitive conditions that do not reasonably relate to a legitimate governmental purpose. Accordingly, Plaintiff's claim in **Count 4** for unconstitutional conditions of confinement may proceed against Defendants Stover, Holt, Baldwin, and Sullivan in their official capacities.

### Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United

States Magistrate Judge for further consideration.

The motion for service of process at government expense (Doc. 4) is **GRANTED.** Service on the Defendants shall be ordered below.

**<u>Disposition</u>**

**IT IS ORDERED THAT** the Clerk of Court shall prepare for Defendants **STOVER, HOLT, BALDWIN,** and **SULLIVAN (in their official capacities)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings, which shall include a

determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 4, 2018**

s/ Staci M. Yandle
United States District Judge